1  Matthew C. Bernstein, Bar No. 199240
   MBernstein@perkinscoie.com
2  Miguel J. Bombach, Bar No. 274287
   MBombach@perkinscoie.com
3  PERKINS COIE LLP
   11452 El Camino Real, Suite 300
4  San Diego, CA  92130
   Telephone: 858.720.5700
5  Facsimile: 858.720.5799

6  *Attorneys for Plaintiffs*
   HTC Corporation and HTC America, Inc.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11

12 | HTC CORP. and HTC AMERICA, INC., | **Civil Action No. 3:20-cv-04545** |
13 | Plaintiffs, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 7,292,870 AND 7,894,837** |
14 | v. | |
15 | ZIPIT WIRELESS, INC., | **DEMAND FOR JURY TRIAL** |
16 | Defendant. | |

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY                                              CASE NO.
JUDGMENT OF NON-INFRINGEMENT

# COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs HTC Corporation and HTC America, Inc. (collectively "HTC") hereby alleges for its Complaint against Defendant Zipit Wireless, Inc. ("Zipit") as follows:

## NATURE AND HISTORY OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement of U.S. Patent Nos. 7,292,870 (the "'870 Patent") and 7,894,837 (the "'837 Patent") (collectively, the "Patents-in-Suit"), attached hereto as Exhibits A and B.

2. On June 11, 2020, Zipit filed a complaint alleging that HTC America directly and indirectly infringes the Patents-in-Suit through its alleged making, using, sale, and importation of smartphones. *See Zipit Wireless, Inc. v. HTC America, Inc. et al.,* Case No. 1-12-cv-02489, Dkt. No. 1 (N.D. Ga.) (the "Georgia Action"), attached hereto as Exhibit C.  HTC Corporation manufactures the phones accused of infringement in the Georgia Action.  Zipit claims to own the Patents-in-Suit.  Ex. C at ¶¶ 26, 58.

3. On June 24, 2020, without any advance warning or discussion with HTC or its counsel, Zipit filed a notice of voluntary dismissal of its case against HTC without prejudice. *See Zipit Wireless, Inc. v. HTC America, Inc. et al.,* Case No. 1-12-cv-02489, Dkt. No. 9 (N.D. Ga.), attached hereto as Exhibit D.  On June 25, 2020, the Northern District of Georgia dismissed the case *without prejudice*.

4. HTC does not infringe, nor has it infringed, any enforceable claim of the Patents-in-Suit.  An actual case or controversy exists between Zipit and HTC regarding whether HTC infringes the Patents-in-Suit.

5. Zipit's actions have created a real and immediate controversy between Zipit and HTC regarding whether HTC's smartphones infringe any claims of the Patents-in-Suit.  Zipit's accusation of infringement in the first litigation, and the subsequent dismissal *without prejudice*, demonstrates that it is highly likely that Zipit will again assert infringement of the Patents-in-Suit against HTC.

6. The facts and allegations recited herein show that there is a real, immediate, and justiciable controversy.  A judicial declaration is necessary to determine the respective rights of

1  the parties regarding the Patents-in-Suit, and HTC seeks a judicial declaration that it does not
2  infringe the Patents-in-Suit.

## THE PARTIES

7. Plaintiff HTC Corporation is a Taiwanese corporation with its principal place of business at No. 88, Section 3, Zhongxing Road, Xindian District, New Taipei City, Taiwan.

8. Plaintiff HTC America, Inc., is a Washington State corporation with a place of business at 308 Occidental Avenue South, Suite 300, Seattle, Washington 98104.

9. Zipit alleges it is a Delaware Corporation with a principal place of business located at 101 North Main Street, Suite 201, Greenville, South Carolina 29601.

## JURISDICTION AND VENUE

10. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

11. This Court has subject matter jurisdiction over the claims alleged in this action at least under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202, because this Court has exclusive jurisdiction over declaratory judgment claims arising under the Patent Laws pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

12. This Court can provide the relief sought because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201, at least because Zipit has accused HTC of infringement of the Patents-in-Suit in a patent infringement action, despite the fact that HTC does not infringe, and has not infringed, any claims of the Patents-in-Suit. While Zipit dismissed its prior case, it did so without prejudice, leaving open the possibility that it could again sue HTC on the Patents-in-Suit. Zipit's actions have created a real, live, immediate, and justiciable case or controversy between Zipit and HTC.

13. Zipit is subject to personal jurisdiction in the Northern District of California at least because it has purposely availed itself within this District on numerous occasions.

14. Zipit is subject to specific personal jurisdiction in this District because it has directed patent enforcement activities involving the Patents-in-Suit at residents of this District within this District. On information and belief, Zipit has demanded a license to the

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT   -2-   CASE NO.

Patents-in-Suit from Apple, Inc. (a resident in this District) on numerous occasions over the course of several years from 2014-2016. *See Apple, Inc. v. Zipit Wireless, Inc.*, Case. No. 3:20-4448, at ¶ 4, Dkt. No. 1 (N.D. Cal.) (Apple's declaratory judgment complaint against Zipit), attached hereto as Exhibit F. On information and belief, Zipit traveled to Apple's headquarters in Cupertino, California, to meet with Apple for the express reason to accuse Apple of infringement of the Patents-in-Suit and to demand that Apple pay a license for the Patents-in-Suit. *Id.* at ¶ 14. Zipit has also accused Google (a resident of this District) of infringing the Patents-in-Suit. *See Zipit Wireless, Inc. v. BLU Products, Inc. et al.,* Case No. 1-20-cv-00756 (Dkt. No. 1), attached hereto as Exhibit E. On information and belief, Zipit has demanded licenses from Google in this District for the Patents-in-Suit.

15.   Zipit has also directed its activities at this District by selling products related to the Patents-in-Suit in this District. In its complaint in the Georgia Action, Zipit discussed at length its own messaging products that it sold throughout the country, including through major retail chains such as Best Buy and Target. Ex. C at ¶ 13. On information and belief, those products were sold at Best Buy stores and Target stores in California and in this District.

16.   Zipit alleged in the Georgia Action that it sold products related to the Patents-in-Suit through Amazon. Ex. C at ¶ 13.

17.   On information and belief, at least some of those products were sold to consumers in California.

18.   On information and belief, at least some of those products were sold to consumers in this District.

19.   On information and belief, Zipit was aware of these sales in California and was further aware that sales occur in this District. *See* https://learn.zipitwireless.com/legal/zipit-iotservices-privacy-policy/ at 10, attached hereto as Exhibit G (requesting that California residents and customers contact Zipit).

20.   Considering Zipit identified these sales in its complaint in the Georgia Action, and considering the Georgia Action related solely to the alleged infringement of the '870 and '837 Patents, Zipit is contending these products relate to the '870 and '837 Patents.

| COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT | -3- | CASE NO. |
|---|---|---|

1      21.    Zipit also continues to sell devices made with its partners at Walmart within this

2  District. *See* https://learn.zipitwireless.com/about/news/bushnell-introduces-next-evolution-

3  wireless-trail-cameras/, attached hereto as Exhibit H; *see also* Exhibit I at 3 (printout from

4  Walmart.com showing the Bushnell Trophy camera for pickup in this District). Through Zipit's

5  activities in this District at residents of this District, Zipit has also placed a cloud of patent

6  infringement of the Patents-in-Suit on major smartphone makers. Specifically, Google makes the

7  Android Operating System that HTC's smartphones run on, and it further makes the Google

8  Hangouts application that form a basis for Zipit's infringement allegations against HTC's

9  smartphones. Ex. C at ¶¶ 20-22. Zipit also accuses Google of infringing the Patents-in-Suit

10 based on the Google Hangouts application. *See* Ex. E at ¶ 101. Further, Zipit has accused both

11 HTC and Apple of infringing the Patents-in-Suit because they have smartphones that include

12 messaging applications that allow for the transmission of emojis. *See Zipit Wireless, Inc. v. Apple,*

13 *Inc.*, Case No. 1-20-cv-02488, at ¶ 20-22 (Dkt. No. 1), attached hereto as Exhibit N; *see also*

14 Ex. C at ¶¶ 20-22. Zipit has purposely directed its enforcement activities on the Patents-in-Suit to

15 residents of this District and has done so in this District, and has established sufficient minimum

16 contacts to subject it to personal jurisdiction here.

17     22.    Zipit has also purposely availed itself within the state of California to subject itself

18 to personal jurisdiction in this District. On information and belief, Zipit sells HIPAA Compliant

19 messaging devices for health care providers in California. On information and belief, Zipit sells

20 its devices to Doctors Ambulance Service in Orange County, California, and Zipit promotes those

21 sales and Zipit's presence in California on its website. https://www.zipitwireless.com/business-

22 messaging/hipaa-compliant-texting/ at 6, attached hereto as Exhibit J. On information and belief,

23 Zipit further provides wireless messaging applications to the University of California System.

24 https://learn.zipitwireless.com/about/news/verizon-zipit-wireless-deliver-new-smartphone-app/ at

25 4, attached hereto as Exhibit K. On information and belief, these activities relate, at least in part,

26 to the Patents-in-Suit.

27     23.    On information and belief, the devices Zipit provides to its healthcare providers in

28 the state of California are re-purposed HTC smartphones. On information and belief, Zipit resells

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT        -4-        CASE NO.

the HTC-made Droid Incredible to Healthcare providers in California.

https://www.zipitwireless.com/secure-texting-healthcare/ at 3, attached hereto as Exhibit L;

http://nexlinkcommunications.com/?catid=0&id=6 at 9, attached hereto as Exhibit M.

### Designed with Care Teams, for Care Teams.

Zipit Wireless worked with medical centers around the country for over a year to develop a clinical communication solution that would address the needs of various departments and clinical teams in the healthcare environment. The Zipit Enterprise Critical Messaging Solution™ is the result. A secure text messaging platform that enables care teams to communicate ePHI with the right person, at the right time−empowering them to provide better care and improve patient outcomes.

**Learn More**

24. Exercising personal jurisdiction over Zipit does not offend traditional notions of fairness and substantial justice due to Zipit's substantial presence and activities in this District.

25. Venue in this District is proper under 28 USC §§ 1391(b), (c), and (d) with respect to HTC's declaratory judgment claims because this Court has personal jurisdiction over Zipit.

26. An actual and justiciable controversy exists under 28 U.S.C. §§ 2201-2202 between HTC and Zipit as to whether the Patents-in-Suit are infringed by HTC's products and/or services.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment That HTC Does Not Infringe The '870 Patent)**

27. HTC repeats and realleges each and every allegation contained in paragraphs 1-26 as if fully set forth herein.

28. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between HTC, on the one hand, and Zipit, on the other, regarding whether HTC infringes any claim of the '870 Patent.

29. HTC does not directly or indirectly infringe, either literally or under the doctrine of equivalents, any claim of the '870 Patent. HTC has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the '870 Patent.

30. Declaratory relief is necessary and appropriate so that HTC may ascertain its rights regarding the '870 Patent.

31. For the reasons set forth above, HTC respectfully requests that this Court declare that HTC does not directly or indirectly infringe, nor has it directly or indirectly infringed, any claim of the '870 Patent, either literally or under the doctrine of equivalents.

## **SECOND CLAIM FOR RELIEF**

### **(Declaratory Judgment That HTC Does Not Infringe The '837 Patent)**

32. HTC repeats and realleges each and every allegation contained in paragraphs 1-31 as if fully set forth herein.

33. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between HTC, on the one hand, and Zipit, on the other, regarding whether HTC infringes any claim of the '837 Patent.

34. HTC does not directly or indirectly infringe, either literally or under the doctrine of equivalents, any claim of the '837 Patent. HTC has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the '837 Patent.

35. Declaratory relief is necessary and appropriate so that HTC may ascertain its rights regarding the '837 Patent.

36. For the reasons set forth above, HTC respectfully requests that this Court declare that HTC does not directly or indirectly infringe, nor has it directly or indirectly infringed, any claim of the '837 Patent, either literally or under the doctrine of equivalents.

## **PRAYER FOR RELIEF**

HTC respectfully requests the following relief:

A. That the Court enter a judgment declaring that HTC has not infringed and does not infringe any enforceable claim of the '870 Patent;

1        B.    That the Court enter a judgment declaring that HTC has not infringed and does not infringe any enforceable claim of the '837 Patent;

      C.    That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award HTC its attorneys' fees, costs, and expenses incurred in this action;

      D.    That the Court award HTC any and all other relief to which HTC may show itself to be entitled; and

      E.    That the Court award HTC any other relief as the Court may deem just, equitable, and proper.

## JURY DEMAND

HTC hereby demand a jury trial on all issues and claims so triable.

DATED: July 8, 2020

**PERKINS COIE LLP**

By: */s/ Matthew C. Bernstein*
Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
Miguel J. Bombach, Bar No. 274287
MBombach@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA  92130
Telephone:  858.720.5700
Facsimile:  858.720.5799

*Attorneys for Plaintiffs*
*HTC Corporation and HTC America, Inc.*